Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



FILED
U.S. BANKRUPTCY COURT
2017 MAR 24  A 10: 46
SOUTHERN DISTRICT
WEST VIRGINIA



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Teresa L. Deppner
Sidney L. Christie Federal Bldg.
845 Fifth Avenue, Room 101
Huntington, WV 25701

**Control Number:** 188944

**Defendant:** OAKWOOD RECOVERY GROUP, LLC
455 COMMERCE DRIVE
SUITE 7
AMHERST, NY 14226 US

**County:** Federal
**Civil Action:** 3:16-BK-30332
**Certified Number:** 92148901125134100002021617
**Service Date:** 3/22/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

13

```
West Virginia Secretary of State
Invoice #426679
Date: 3/21/2017
KLEIN & SHERIDAN
```

| Service | Qty | Sub |
|---|---|---|
| Service - US defendant 3:16-BK-30332 | 1 | $20.00 |
| Total | | $20.00 |

| Payment type | Amount |
|---|---|
| Check | $20.00 |
| Total | $20.00 |

Form B 250A (12/07)

# UNITED STATES BANKRUPTCY COURT
## Southern District of West Virginia

In re: Nathan Pearl Tharpe and Katelyn Brook Tharpe
**Debtor(s)**

Bankruptcy Case No. 3:16-bk-30332
Chapter 7

Katelyn Brooke Tharpe and Nathan Pearl Tharpe
**Plaintiff**

v.

Oakwood Recovery Group, LLC
**Defendant**

Adversary Proceeding No. 3:16-ap-03018

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

Address of the Clerk:

Matthew J. Hayes, Clerk
300 Virginia Street East
Room 3200
Charleston, WV 25301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:

Daniel K. Armstrong
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526

[Stamp: ACCEPTED FOR SERVICE OF PROCESS / SECRETARY OF STATE OF WEST VIRGINIA / 2017 MAR 22 P 1:46]

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

/s/ Matthew J. Hayes
Clerk of the Bankruptcy Court

By: Leslie J. Gallian
Deputy Clerk

Date: 3/14/17


[Stamp: RECEIVED MAR 17 2017]

## CERTIFICATE OF SERVICE

I,_____, certify that service of this summons and a copy of the complaint was made _____
    (name)                                                                                 (date)

by:

___ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:


___ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


___ Residence Service: By leaving the process with the following adult at:


___ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:


___ Publication: The defendant was served as follows: [Describe briefly]


___ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]


    If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.


Under penalty of perjury, I delclare that the foregoing is true and correct.

Date:_____        Signature:_____


                      Print Name: _____
                      Business Address: _____
                                    _____



RECEIVED
MAR 17 2017
BY:_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**KATELYN & NATHAN THARPE**
  **Plaintiffs,**

vs.                                                                                           AP No. 3:16-ap-03018
                                                                                              Case: 3:16-bk-30332
**OAKWOOD RECOVERY GROUP LLC**
  **Defendant.**

## COMPLAINT

### *Introduction*

As the Court is aware, the Automatic Stay is a legal right afforded to the debtor that should protect the debtor from continued collection efforts by their creditors. Here, OAKWOOD RECOVERY chose not to abide by the Automatic Stay and denied Plaintiffs' breathing spell and subjected Plaintiffs to continued collection efforts, including harassment and intimidation by calling them and their extended family members over a debt that was included in the Plaintiff's bankruptcy.

As an additional protection from unwanted and harassing calls Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers in 1991. In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings #13. Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

1

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings ##10 and 12. This action concerns the disregard for the protections provided by the TCPA, and the automatic stay of the bankruptcy code by OAKWOOD RECOVERY GROUP LLC in its attempt to collect a debt from Plaintiffs.

### *The Parties*

1) The Plaintiffs, KATELYN & NATHAN THARPE, were granted a discharge by this court on November 22, 2016.

2) The Defendant, OAKWOOD RECOVERY GROUP LLC, is a corporation having its principal offices in New York and which collects debts nationally, including West Virginia and Kentucky.

### *Jurisdiction*

3) This court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 11 U.S.C. 362(h).

4) The District Court also has federal question jurisdiction over the claim pursuant to 28 U.S.C. § 1331. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

5) The District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims that related to claims in this action.

## *Factual Allegations*

6) After the Plaintiffs became in arrears upon several accounts, Plaintiffs filed for bankruptcy protection on or about July 19, 2016 in case number 3:16-bk-30332 in the Southern District of West Virginia, Huntington Division.

7) Prior to filing bankruptcy by Plaintiffs, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

10) Thereafter, the Plaintiffs revoked their consent to be contacted on July 19, 2016 and again on August 4, 2016 by explaining that they were under the protection of the automatic stay.

11) Upon information and belief, Defendant was attempting to collect a debt on behalf of Capital One Bank N.A., Capital One bank N.A. was listed on the matrix of creditors.

12) Upon information and belief, a Notice of Commencement or Notice of Chapter 7 Case, Meeting of Creditors and Deadlines was sent out to all creditor listed in the matrix of creditors, including Capital One Bank N.A.

13) The Defendant maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

14) Plaintiffs would receive calls on their cellular telephones.

15) Plaintiffs would hear "dead air" when they attempted to answer calls from Defendant.

16) Defendants records will reflect that the Defendant placed telephone calls to the Plaintiffs' residential telephone and cellular phone number after it appeared that

Plaintiffs was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

17) As of the filing of this complaint, Plaintiffs have received in excess of 27 calls from Defendant through the use of Automatic Telephone Dialing System of ATDS.

18) Defendant's multiple calls per day caused the telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiffs.

19) The Defendant knew or should have known that the Plaintiffs were represented by an attorney with respect to such debt and provided Defendant with the attorney's contact information along with the date and time of the Meeting of Creditors.

20) Upon information and belief, the Defendant communicated with third parties concerning the debt.

21) Defendant did not file a proof of claim in the bankruptcy.

22) During this time, Plaintiffs' received voice messages demanding money but such messages did not clearly identify who was calling.

## COUNT I
### *Violations of The TCPA*

23) Plaintiffs incorporates the foregoing paragraphs herein.

24) At all times relevant hereto, Defendant used, controlled or operated an ATDS as defined by § 227(a)(1) of the TCPA.

25) Defendant initiated at least 27 calls to Plaintiffs' telephone using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiffs, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

26) Pursuant to 47 U.S.C § 227 (b)(3)(B) Plaintiffs should receive $500.00 in damages for each such violation of the TCPA.

27) Defendants calling in excess of 27 times to Plaintiffs in the span of a few weeks after written notice was sent to the original creditor and Plaintiffs repeatedly told Defendant about their bankruptcy were willful or knowing violations of the TCPA and Plaintiffs should be awarded treble damages pursuant to 47 U.S.C. § 227 (b)(3)(C).

28) As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT II
### *Common Law Negligence*

29) The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

30) Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA as alleged in the previous Count.

31) As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT III
### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

32) The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

33) The following conduct of Defendant was atrocious, intolerable, and extreme so as to

exceed the bounds of decency:

   a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney and in a bankruptcy in gross violation of the TCPA and automatic stay;

   b. Defendant has adopted policies and procedures without regard to federal law, which violate federal consumer protections and bankruptcy law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

   c. As far as Defendant's violations of the TCPA and automatic stay are deemed to be willful, pursuant to 11 U.S.C. 362(h) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

34) As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

35) As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV
### *COMMON LAW INVASION OF PRIVACY*

36) The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

37) The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs' home.

38) The acts of the Defendant in placing telephone calls to Plaintiffs' home telephone number invaded, damaged and harmed Plaintiffs' right of privacy.

39) Because of the Defendant's actions, the Plaintiffs suffered emotional distress.

40) Because of the Defendant's action, the Plaintiffs have been annoyed, inconvenienced,

6

harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *Violation of the Automatic Stay*

41) The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

42) On July 19, 2016 Plaintiffs filed for Chapter 7 protection in the Southern District of West Virginia, case number 3:16-bk-30332.

43) Per the New York Secretary of State's website, Defendant incorporated just 4 days before Plaintiffs sought bankruptcy protection.

44) Upon information and belief, Defendant was an assignee of Capital One Bank N.A.

45) Capital One Bank N.A. was listed on the Matrix of Creditors portion of the petition filed with the Bankruptcy Court.

46) Plaintiffs told Defendants repeatedly of the bankruptcy and provided attorney and court information.

47) The debt at issue was not of the variety described in 11 U.S.C. 362(b).

48) Upon information and belief, Defendant did not have policies and procedures in place to ensure compliance with federal bankruptcy law.

49) Defendant was repeatedly told of the bankruptcy and continued to collect the debt.

50) Such actions are willful violations of the automatic stay and Plaintiffs spent time in dealing with, was deprived of the protections of the Automatic Stay and otherwise harmed by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs hereby prays for the following relief against the Defendant:

A) An award of the statutory damages in the amount of $500.00 for each violation of the TCPA;

B) An award of the Statutory trebled damages in the amount of $1,000.00 for each of Defendants willful or knowing violations;

C) Defendant be enjoined from calling Plaintiffs in the future;

D) The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in the Complaint;

E) Plaintiffs be awarded attorney's fees pursuant to 11 U.S. Code § 362;

F) The Plaintiffs be granted general damages and punitive damages for Defendant's conduct;

G) Such other relief as the Court shall deem just and proper under the attendant circumstances.

                                                    **KATELYN & NATHAN THARPE**
                                                    BY COUNSEL

BY:   /s/ Daniel K. Armstrong
         Benjamin M. Sheridan (# 11296)
         Daniel K. Armstrong (#11520)
         *Counsel for Plaintiffs*
         Klein & Sheridan, LC
         3566 Teays Valley Road
         Hurricane, WV 25526
         (304) 562-7111
         Fax: (304) 562-7115

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **KATELYN & NATHAN THARPE** | Bankruptcy Case No.: 3:16-bk-30332 |
| Debtors | Hon. Judge Frank W. Volk |
| | |
| v. | Adverse Proceeding No.: 3:16-ap-03018 |
| **OAKWOOD RECOVERY GROUP LLC** | |
| Defendants | |

### CERTIFICATE OF SERVICE

I, Daniel K. Armstrong, attorney for the Plaintiff, certify that I served a true copy of the foregoing **COMPLAINT WITH SUMMONS** on the Defendant via the West Virginia Secretary of State as agent for service of process of an out-of-state corporation, at the Defendant's address below on this 15th day of March, 2017.

Oakwood Recovery Group
455 Commerce Dr. Suite 7
Amherst, NY 14226

                                                      /S/ Daniel K. Armstrong
Benjamin Sheridan (# 11296)
Daniel K. Armstrong (#11520)
Klein & Sheridan, LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111